**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| **JAMUAL BURKS,** | CASE NO. 3:25 CV 2519 |
| Plaintiff, | |
| v. | JUDGE JAMES R. KNEPP II |
| **CORRECTIONS OFFICER STONE,**<br>**et al.,** | |
| Defendants. | **ORDER** |

*Pro se* Plaintiff Jamual S. Burks, has filed an *in forma pauperis* prisoner civil rights complaint in this case against seven Defendants: Corrections Officers "Stone," "Forest," "Frye," and "J. Huff;" "Lt. Mrs. Allen;" Institutional Inspector "M. Jenkins;" and "RN Nurse (B. Davis)." (Doc. 1 at 2,).

His handwritten complaint is virtually illegible and impossible to parse into specific factual allegations and legal claims against each Defendant. It appears he complains about conditions of his confinement, including the confiscation or destruction of his property and issuance use of force and conduct reports against him. *See generally id.* at 2-3.

Although *pro se* complaints are liberally construed and held to less stringent standards than formal pleadings drafted by lawyers, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "the lenient treatment generally accorded *pro se* plaintiffs has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). *Pro se* litigants must still meet basic pleading requirements, and courts are not required to "conjure allegations" or create claims on their behalf. *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001). To meet the basic federal pleading requirements of Rule 8 of the Federal Civil Rules, a

1

pleading must contain a "short and plain statement of [the pleader's] claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). In addition, the complaint's allegations must be sufficient to give the defendant fair notice of what the plaintiff's legal claims against it are and the factual grounds upon which they rest. *Bassett v. Nat'l Coll. Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008).

Plaintiff's Complaint does not set forth a short and plain statement of his claims. His pleading does not set forth a legible, coherent statement of facts, identifiable Defendants that are the subject of those facts, and a suggestion of the specific legal claims he asserts against each Defendant. It is impossible for the Court to review his pleading as required under 28 U.S.C. §§ 1915(e) and 1915A. Accordingly, Plaintiff's complaint warrants dismissal for violation of federal pleading requirements. *See, e.g., U.S. ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011) (citing cases and holding that district courts act within their discretion in dismissing complaints under Federal Civil Rule 8 that are "needlessly long," "highly repetitious," confusing, or consist of "incomprehensible rambling") (quoting 5 Wright & Miller, Federal Practice & Procedure § 1217 (3d ed. 2010)).

Given the incomprehensible nature of Plaintiff's Complaint, good cause appearing, it is hereby ORDERED that Plaintiff's Complaint (Doc. 1) is DISMISSED for failure to meet federal notice pleadings requirements. Should Plaintiff wish to proceed with this case, he must file a new, Amended Complaint in the case within 30 days of the date of this Order that is legible and that complies with the Federal Rules of Civil Procedure. Plaintiff is notified that his case will remain dismissed if he fails to do so. If Plaintiff files an Amended Complaint in accordance with this Order, the Court will review his motion to proceed *in forma pauperis* (Docs. 2, 5) at that

time, collect the filing fee as required by statute, and review his amended pleading pursuant to 28 U.S.C. §§ 1915(e) and 1915A as required.

In addition, the Court CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

 s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE

Dated: June 3, 2026